APPEAL OF FARMERS & MERCHANTS STATE BANK.

Docket No. 1811.   Submitted May 14, 1925.   Decided June 23, 1925.

The difference between the amount of money realized from the sale of capital stock and the cost of reorganization of a corporation does not constitute taxable income.

A. M. Gunn, Esq., for the taxpayer.
W. Frank Gibbs, Esq., for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from a deficiency in income and profits taxes in the amount of $389.98 determined by the Commissioner for the year 1920. The petition alleged three errors on the part of the Commissioner. By stipulation presented at the hearing counsel for the taxpayer withdrew two of the allegations, leaving in issue only the question whether a certain item of $312.50 credited to earnings in 1920 represented taxable income. The proper method of treating

this item was also stipulated by counsel. From the pleadings and stipulation filed, the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is a Minnesota corporation with its principal office at Pine City.

2. The taxpayer corporation was organized June 1, 1904, with an authorized capital of $15,000, divided into 150 shares of the par value of $100 each.

3. On April 27, 1920, a reorganization took place and a new charter was issued under the name of the Farmers & Merchants State Bank, Pine City, Minn.

4. Upon reorganization, the capital stock of $15,000 was increased to $30,000. The old stock was retired at the rate of $231.25 per share, or a total of $34,687.50, and the new stock sold at $140 per share, or a total of $42,000. The amount of money necessary to perfect reorganization was composed of the following:

| | |
|---|---|
| Purchase price of old stock retired | $34,687.50 |
| New stock issued | 15,000.00 |
| Total | 49,687.50 |

5. The taxpayer raised the amount of money necessary to take over the old corporation, as follows:

| | |
|---|---|
| Sale of new stock—300 shares at $140 per share | $42,000 |
| Taken from surplus | 2,000 |
| 1919 dividend | 3,000 |
| Increase banking house | 3,000 |
| Total | 50,000 |

6. The difference between $50,000, the amount raised to perfect reorganization, and $49,687.50, the amount actually required to perfect reorganization, to wit, $312.50, as shown by the original book entries of the taxpayer, was credited to the account of "Interest received."

### DECISION.

The deficiency for the year 1920 is $246.19, and the remainder of the deficiency determined by the Commissioner for that year is disallowed.

### OPINION.

GRAUPNER: The sum of $312.50 referred to in the findings was a balance remaining in connection with a capital stock transaction and does not constitute taxable income received by the taxpayer during 1920. The sum was erroneously included in net income, the correct taxable income being $6,381.41. The correct amount of the deficiency is $246.19.